IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEMARCUS TEMPLETON RASHAD, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:07-CV-280-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Demarcus Templeton Rashad, TDCJ # 01251753, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Kenedy, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

1

C. FACTUAL AND PROCEDURAL HISTORY

On July 28, 2004, a jury found Rashad guilty of aggravated robbery with a deadly weapon, and, on July 29, 2004, assessed his punishment at forty-three years' confinement and a $10,000 fine in Case No. 0908488D in the Criminal District Court Number One of Tarrant County, Texas. (State Habeas R. at 40.) The Second District Court of Appeals of Texas affirmed the trial court's judgment on January 27, 2005. *Rashad v. Texas*, No. 2-04-345-CR, slip op. (Tex. App.–Fort Worth Jan. 7, 2005) (not designated for publication). Rashad did not file a petition for discretionary review. (Petition at 3.)

On June 13, 2006, Rashad filed a state application for writ of habeas corpus challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on January 31, 2007. *Ex parte Rashad*, Application No. 66,599-01, at cover. Rashad filed this federal petition for writ of habeas corpus challenging the same conviction on May 7, 2007.[1] As ordered, Quarterman has filed a preliminary response with supporting brief and documentary exhibits addressing only the issue of limitations. Rashad has not filed a reply.

D. STATUTE OF LIMITATIONS

Quarterman argues that Rashad's petition should be dismissed with prejudice because his petition is barred by the statute of limitations. (Resp't Preliminary Resp. at 3-4.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The

---

[1] A pro se habeas petition is filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

limitation period shall run from the latest of–

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[2] For purposes of this provision, Rashad's conviction became final and the one-year limitations period began upon expiration of the time Rashad had for filing a petition for discretionary

---

[2]There are no allegations that the state imposed an unconstitutional impediment to the filing of Rashad's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Rashad's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

review in the Texas Court of Criminal Appeals on February 28, 2005,[3] and closed on February 28, 2006, absent any tolling. *See See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Rashad's state habeas application, filed on June 13, 2006, after the statute of limitations had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has he replied to Quarterman's preliminary response or otherwise demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Rashad's petition was due on or before February 28, 2006. Accordingly, his petition filed on May 7, 2007, is untimely.

## II. RECOMMENDATION

Rashad's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

---

[3] 30 days from the date of the state appellate court's affirmance was February 26, 2005. Because February 26, 2005, was a Saturday, Rashad had until February 28, 2005, to file a petition for discretionary review and until February 28th of the following year to seek federal habeas relief. *See Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir. 2004).

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until August 20, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until August 20, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED July 30, 2007.

                                                  /s/ Charles Bleil
                                                  CHARLES BLEIL
                                                  UNITED STATES MAGISTRATE JUDGE