IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DEMARCUS TEMPLETON RASHAD, §
　 §
VS. § CIVIL ACTION NO.4:07-CV-280-Y
　 §
NATHANIEL QUARTERMAN, §
Director, T.D.C.J. §
Correctional Institutions Div., §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Demarcus Templeton Rashad[1]

under 28 U.S.C. § 2254, the Court has made an independent review of

the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommenda-
tion of the United States magistrate judge filed on
July 30, 2007; and

3. The petitioner's written objections to the proposed
findings, conclusions, and recommendation of the United
States magistrate judge filed on August 22, 2007.

The Court, after **de novo** review, concludes that the Peti-

tioner's objections must be overruled, and that the petition for

writ of habeas corpus should be dismissed with prejudice as time-

barred pursuant to 28 U.S.C. § 2244(d)(1)-(2), for the reasons

stated in the magistrate judge's findings and conclusions, and as

set forth herein.

In his written objections to the magistrate judge's report and

recommendation that his petition be dismissed with prejudice as

time-barred, Rashad now contends that: (a) he was on lockdown status

much of 2005 and not able to use a law library; (b) his appellate

---

[1]Identified in the state court records as "Demarcus Templeton" or "Demarcus
Tempeleton a/k/a Kevin Joe Hill." *Ex parte Templeton,* No. 66,599-01 at cover,
40.

lawyer did not inform him of the appropriate dates to file for habeas corpus relief; and (c) he is a mental patient and takes medication for help with such problems. The Court has construed these arguments by Rashad as claims that he should be entitled to equitable tolling.  The one-year limitation period for filing a petition under § 2254 is subject to equitable tolling.[2]  But the burden is on the petitioner--here, Rashad--to show rare, exceptional and/or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition.[3] The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[4] Rashad has not satisfied this burden.

With regard to Rashad's claims that he had limited law library access, a "'garden variety claim of excusable neglect'" does not support equitable tolling.[5] "Ignorance of the law, even for an incarcerated *pro se* prisoner," generally does not warrant equitable tolling.[6] As to Rashad's argument that he was not properly informed

---

[2]*See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998), *cert. den'd,* 526 U.S. 1074 (1999); *see also Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. den'd,* 531 U.S. 1035 (2000); *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999), *cert. den'd,* 531 U.S. 1164 (2001).

[3]*See United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000) (statute can be tolled in "rare and exceptional" circumstances); *see also Davis,* 158 F.3d at 811 (same).

[4]*Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999),c*ert. den'd,* 529 U.S. 1057 (2000)(quoting *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)).

[5]*Id.*

[6]*See Fisher,* 174 F.3d at 714.

of relevant deadlines by appellate counsel, the Court of Appeals for the Fifth Circuit has expressly noted: "[I]f there were ever any doubt that an attorney's error or neglect does not warrant equitable tolling, our recent decision in *Cousin v. Lensing,* 310 F.3d 843 (5th Cir. 2002) erased it:`[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified.'"[7] Further, as to his claim that equitable tolling should lie because he is a mental patient on medication, Rashad has not submitted any documentation or independent indicia of his condition, the medications provided, and their ongoing effect on him for the time he claims to have been unable to file.[8]  His objections must be overruled.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Demarcus Templeton Rashad's petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

SIGNED August <u>23</u>, 2007.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[7]*United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002), *cert den'd,* 123 S.Ct. 2630 (2003).

[8]*See generally Mathews v. Quarterman,* No.G-06-326, 2006 WL 3447733, at *3 (S.D.Tex. Nov. 27, 2006)(facts that petitioner under medical care and taking medication, without more, did not justify equitable tolling); *Fisher*, 174 F.3d at 715-16 (refusing to grant equitable tolling for a prisoner who was mentally ill and confined with no access to legal materials or eyeglasses, leaving him legally blind); *Aragon v. Dretke*, No.4:04-CV-607-Y, 2005 WL 43973 at *1 (N.D.Tex. Jan. 6, 2005)(petitioner not entitled to equitable tolling without evidence that claimed mental disability prevented him from understanding and asserting his legal rights during the relevant time period